GLENN THIBODAUX AND ANGELA THIBODAUX,
v.
ST. MARY PARISH SEWER DISTRICT 07 AND CNA INSURANCE COMPANY.
No. 2009 CA 1466.
Court of Appeals of Louisiana, First Circuit.
February 12, 2010.
Not Designated for Publication
J. LOUIS GIBBENS, DENNIS STEVENS, Attorneys for Plaintiffs-Appellants Glenn and Angela Thibodaux, Skyler James Thibodaux, and Danielle Renee Thibodaux Ward.
GREGORY W. RONIGER, Attorney for Defendants-Appellees St. Mary Parish Sewer District 07 and Valley Forge Insurance Company.
KURT A. OFFNER, Attorney for Third Party Defendant-Appellee Kuhlman-Becnel Hardware & Electric Company, Inc.
Before: CARTER, C.J., GUIDRY, and PETTIGREW, JJ.
PETTIGREW, J.
In this case, plaintiffs, Glenn and Angela Thibodaux, filed an action for damages against defendants, St. Mary Parish Sewer District 07 ("St. Mary"), and its insurer, Valley Forge Insurance Company,[1] for damages to their home caused by a sewage back up. St. Mary filed a third-party demand against Kuhlman-Becnel Hardware & Electric, Inc. ("Kuhlman-Becnel"), alleging that Kuhlman-Becnel had assumed complete responsibility for the inspection, maintenance, repair, and upkeep of the equipment that was the subject of plaintiffs' complaint, and seeking indemnity for any judgment that may be assessed against it in these proceedings. Following a trial on the merits in March 2007, and for written reasons assigned on May 23, 2007, the trial court rendered an amended judgment[2] on January 23, 2009, finding as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Angela Thibodaux against Defendants St. Mary Parish Sewer District 07 and its insurer, CNA Insurance Company in the sum of $5,000.00.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein dismissing the suit of Glenn Thibodaux against St. Mary Parish Sewer District 07 and CNA Insurance Company, with prejudice;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein dismissing the suit of Skyler Thibodaux against St. Mary Parish Sewer District 07 and CNA Insurance Company, with prejudice;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein dismissing the suit of Danielle Renee Thibodaux Ward against St. Mary Parish Sewer District 07 and CNA Insurance Company, with prejudice;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of St. Mary Parish Sewer District 07 and CNA Insurance Company and against Kuhlman Becnel for the sum of $5,000;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants St. Mary Sewer District and CNA Insurance Company are cast for all costs;
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Defendants St. Mary Sewer District and CNA Insurance Company and against Kuhlman Becnel for all costs[.]
Plaintiffs have appealed, arguing the trial court committed manifest error in:
A. Failing to award general damages to Angela Thibodaux and Glenn Thibodaux for mental anguish, humiliation, inconvenience, and embarrassment and also for the destruction of and loss of use of their property.
B. Failing to award damages to Glenn Thibodaux, Skyler James Thibodaux and Danielle Renee Thibodaux Ward for complete destruction of the value of the home which they co-owned.
C. Failing to award legal interest.
With respect to the initial error assigned by plaintiffs, the trial court acknowledged Angela Thibodaux's testimony "that she was personally exposed to the raw sewage and also witnessed the damage to the residence and other property that she owned, such as her furniture and other personal items which caused her anguish." Angela testified that she was home alone at the time of the sewage backup. She indicated that she first detected an odor around 7:30 a.m. As she walked toward the master bathroom, she heard the toilet "gurgling." Angela stated that when she got to the bathroom, she turned on the light and could see raw sewage spewing up and out of the toilet, sink, and bathtub, and onto the floor. She attempted to stop the overflow with a plunger and, in the process of doing so, her feet and the lower part of her legs became covered with human feces, urine, and used toilet paper. Once she realized she would be unable to stop the overflow with a plunger, she ran to a neighbor's house for assistance. Angela recalled the humiliation and embarrassment she experienced being seen by her neighbors in that condition. Angela also testified about her concerns over being exposed to bacteria in the water and raw sewage and the possibility of infection and/or the recurrence of Hepatitis, a condition that she had suffered from years earlier.
The standard of review applicable to a general damages award is the abuse of discretion standard. Bouquet v. Wal-Mart Stores, Inc., XXXX-XXXX, p. 4 (La. 4/4/08), 979 So.2d 456, 459. An appellate court may disturb a damages award only after an articulated analysis of the facts reveals an abuse of discretion. Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La. 1993); Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La. 1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 LEd.2d 379 (1994).
Based on our review of the record as a whole, and considering the facts and circumstances herein, we find it was an abuse of discretion by the trial court not to award Angela damages for mental anguish, humiliation, and inconvenience associated with the sewage backup and her personal contact with the human feces, urine, and used toilet paper.[3] Under the circumstances of this case, we conclude that an award of $2,500.00 to Angela is appropriate herein. We amend the judgment accordingly.
The second error assigned by the plaintiffs concerns the trial court's failure to award damages for the complete loss of the value of the house. As noted by the trial court in its reasons for judgment,
Plaintiffs asked the Court for damages in the amount of the fair market value of the house before the incident occurred which was determined to be $81,500. The Court rejects plaintiffs' request as plaintiffs' were unable to prove that defendants caused all the damages alleged. The sewage backed into [plaintiffs'] residence and was cleaned by a professional cleaning agency the very next day. Three days later, the house was flooded. It is difficult to distinguish the damages caused by the two incidences. The Court agrees with defendants in that after reviewing the insurance adjuster's report, damage to the rooms affected by the sewage backup is approximately $9,000. However, as defendant Becnel argued at trial, plaintiffs have previously received compensation for the damage caused by the sewage backup as plaintiffs' insurance company paid out $38,000 for damage to the home caused by Tropical Storm Allison and the sewage backup. At trial, testimony elicited from David Jones, flood appraiser for NFPS, and Mike Hardy, flood appraiser for GAB, revealed that the damage to the rooms affected by the sewage backup was also included in the $38,000 payout received by plaintiffs.
From the facts in the record, we cannot conclude the trial court abused its discretion in failing to award plaintiffs damages for the complete destruction of the value of their home. This assignment of error is without merit.
In their final assignment, plaintiffs allege error in the trial court's failure to award legal interest in its judgment. We agree. Pursuant to La. Code Civ. P. art. 1921, the court shall award interest in the judgment as prayed for or as provided by law. Moreover, as set forth in La. R.S. 13:4203, "Legal interest shall attach from date of judicial demand on all judgments, sounding in damages." It was error for the trial court not to award legal interest. Thus, we amend the judgment accordingly.
For the above and foregoing reasons, we amend the trial court's January 23, 2009 judgment, in part, as follows:
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of Angela Thibodaux against Defendants St. Mary Parish Sewer District 07 and its insurer, CNA Insurance Company in the sum of $7,500.00, together with legal interest thereon from the date of judicial demand until paid.
. . . .
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that there be judgment herein in favor of St. Mary Parish Sewer District 07 and CNA Insurance Company and against Kuhlman-Becnel for the sum of $7,500.00, together with legal interest thereon from the date of judicial demand until paid.
In all other respects, the judgment is affirmed. We issue this memorandum opinion in accordance with Uniform Rules-Courts of Appeal, Rule 2-16.IB. All costs associated with this appeal are assessed equally between the parties.
AMENDED IN PART AND AS AMENDED AFFIRMED.
NOTES
[1] Valley Forge Insurance Company was erroneously designated as CNA Insurance Company in the petition for damages.
[2] In an October 28, 2008 action by this court, another panel determined that the trial court's original judgment, dated July 18, 2007, did not constitute a valid final written judgment from which an appeal could be taken and thus, dismissed plaintiffs' appeal of said judgment.
[3] The record is void of any evidence that Glenn suffered any such damages for mental anguish, humiliation, and inconvenience associated with the sewage backup. Unlike with Angela's situation, Glenn, who was offshore working at the time of this incident, did not have any personal contact with the human feces, urine, or used toilet paper. Thus, we find no abuse of discretion in the trial court's decision not to award Glenn any damages.